[Civ. No. 21505.   Second Dist., Div. One.   Mar. 12, 1956.]

Estate of CLIFFORD ARDEN BRIGGS, Deceased. ANNE E. BRIGGS, Appellant, v. JAMES K. BRIGGS, Respondent.

Walter H. Young for Appellant.

Arthur E. Briggs for Respondent.

DORAN, Acting P. J.—The decedent's will, as originally drawn by Attorney Arthur E. Briggs, decedent's brother, provided: "Third: I give and bequeath to Anne E. Briggs, my former wife, the use and income from any income bearing property of which I may die possessed to have during her lifetime only, with the request that she shall in her discretion provide for the needs of my son and grandchildren hereinafter named, as she may be able to do so, it being my intention that she shall have possession for her own residential purposes of such residence as she may elect within a reasonable time after my death."

As stated in appellant's brief, "When this will was submitted to Clifford Arden Briggs he added the additional clause: 'and she may use any part of the principal of my estate which may be necessary for her support and maintenance during her lifetime'."

The will, as finally executed, left "All the rest, residue and remainder of my property and estate of whatsoever kind or character, and wheresoever situated . . . to my son James K. Briggs, if he shall be living at the time of the distribution of my estate, or in the event he shall die previously thereto, then to my grandsons, James K. Briggs, Jr., and John Arden Briggs, share and share alike, or such of them as shall survive my said son, and in the event of the death of my said son during the minority of said grandchildren or either of them, the said Anne E. Briggs shall hold such property in trust for such grandchild until he shall attain majority and provide in her discretion for his maintenance and support."

Anne E. Briggs and James K. Briggs, or the survivor, are nominated and appointed "as joint executors hereof to act and qualify without bond." The fifth paragraph of the will gives "power to my executors jointly or the survivor of them to sell or encumber any property of my estate and to use and invest the moneys therefrom as in their judgment seems best." The will also provides that in the event any person shall contest in any court any of the provisions of this instrument, or shall not defend or assist in good faith in the defense of any and all such trusts and contests, then each and all of said persons shall not be entitled to any de-

vises, legacies, and/or benefits under this will or any codicil hereto or under the trusts created hereby,'' etc.

On December 8, 1954, Attorney Arthur E. Briggs, on behalf of Anne E. Briggs, filed a ''Petition for decree determining interests in Estate.'' At the hearing on December 30, 1954, Attorney Briggs stated to the court that ''There are conflicts in the statements of the two heirs and legatees, but it is really a friendly matter between them and they wish the Court to construe the will in the matters which are in question.'' Both of the interested parties were present in court but were not separately represented by counsel; each party made certain oral statements relative to the matter, and later filed written statements of their respective claims.

The trial court took the matter under submission and on March 25, filed findings of fact and conclusions of law adverse to the contentions of appellant. The court found that it was the testator's intention ''to create a trust and to constitute his son, James K. Briggs and his ex-wife, Anne E. Briggs, co-trustees of his estate for the purposes and intents expressed in his last will . . . and to manage and administer the same during the lifetime of Anne E. Briggs.'' The court found that the testator intended that the trust should be administered for the purpose of giving to appellant, testator's ex-wife, the use and income from any income bearing property during appellant's lifetime, ''provided that if the said son and grandchildren . . . be in need, that she provide for their needs if able to do so.'' It was further found that appellant should have possession ''of such residence as she may elect within a reasonable time after testator's death,'' and ''That she be entitled to the use of any part of the principal of his estate which may be necessary for her support . . .''.

The trial court found that all other property ''was intended by said testator to vest in said James K. Briggs, and after the death of said Anne E. Briggs the said James K. Briggs, his heirs and assigns, should be entitled to the rest, residue and remainder of said property, rights and interest not bequeathed to the said Anne E. Briggs.'' The only ''income bearing property,'' bequeathed to Anne E. Briggs, was found to be a ''Second trust deed securing note on which there was an unpaid balance of principal . . . of $3190.71 at time of decedent's death . . . payable $35.00 on the 21st day of each month.'' Personal property, namely five rooms of furniture in the residence, and a 1953 Mercury automobile were distributed to James K. Briggs. All other assets in

the estate were distributed to appellant and respondent "as co-trustees under provisions of trust agreement to be entered into and accepted by them as provided by order of court in conformity with the findings of fact herein construing the last will. . . ."

The order here appealed from, in addition to giving appellant the income from the trust deed hereinbefore mentioned, also provides that Anne E. Briggs is entitled, "during her lifetime . . . To the use of any part of the principal or corpus of the trust estate . . . as may be necessary for her maintenance and support upon proof of existing necessity therefor from time to time." Both Anne E. Briggs and James K. Briggs then signed the following which is appended to the court's order: "The trustees appointed as aforesaid hereby accept the trust decreed and ordered by the aforesaid order and decree of court and agree to act as said co-trustees in accordance with the terms and provisions of said trust."

It is appellant's contention that "the Findings of Fact are deficient in that they do not define the meaning of the term 'income bearing property' nor is there any finding as to what property of the decedent was income bearing. This is particularly true with respect to the partnership property. The only evidence as to the nature of the partnership property is that it is a half interest in a partnership in a subdivision with an original capital of $18,500 and $20,000 profit. This raises the question whether Anne E. Briggs get the $20,000 profit as income from income bearing property and furthermore was this profit accumulated before or after the death of the decedent?"

As hereinbefore indicated, the trial court determined that appellant was entitled "during her lifetime to (1) The interest income from the deed of trust described," and that other property including the inventoried partnership interest should become a part of the trust corpus to be administered by the appellant and respondent as cotrustees. This was, in effect, a direct finding that the trust deed constituted the only "income bearing property" mentioned in the will. The findings of fact were in no manner deficient in this respect.

As pointed out in respondent's brief, section 571 of the Probate Code provides that, "When, at the time of his death, a partnership existed between the decedent and any other person, the surviving partner has the right to continue in the possession of the partnership, and to settle its business,

but the interest of the decedent in the partnership must be included in the inventory, and be appraised as other property.'' This interest in the partnership property has been so inventoried and appraised in the instant estate. No decision has been presented by appellant holding that the decedent's interest therein shall be deemed ''income bearing property.''

Appellant's assertion that ''The effect of the present order is to really put control of the estate in James Briggs and on what scale she (appellant) shall live,'' is obviously incorrect, since the appellant is, as the will provides, appointed cotrustee with James Briggs in the administration of the property. Respondent has no more control over the situation than does the appellant.

If ''any part of the principal or corpus . . . be necessary for her maintenance and support at any time,'' the trial court found that Anne E. Briggs is entitled thereto ''upon proof of existing necessity therefor from time to time.'' The order provides that ''in the event of inability of said co-trustees to agree as to the amount necessary . . . she may apply to any court of competent jurisdiction to determine and fix such amount.'' The contention that appellant should be given sole control of the situation is justified neither in law nor under the terminology of decedent's will.

The trial court's findings and order likewise adequately effectuate the testator's intention by giving to appellant the right of occupancy of the residence property ''if she shall so elect before distribution of said estate.'' The will provided that appellant ''shall have possession for her own residential purposes of such residence as she may elect within a reasonable time after my death.'' There is only one residence mentioned in the inventory.

It is true, as appellant states, that an attorney at law should not attempt to represent parties whose interests are adverse, and that a clearer and better record would have resulted in the instant case had this precept been more closely followed. A survey of the record, consideration of the testator's intentions as evidenced in the will, and the statements of the parties, written and oral, plus all other relevant facts, however, lead to the conclusion that the findings and order are entirely adequate to protect the appellant's rights and are supported by the record. No prejudicial error has been made adequate.

Respondent's point that under the forfeiture provisions

contained in the will, appellant, by virtue of the appeal here presented, "has forfeited all devises and bequests to her," cannot be sustained. In this connection, it is not irrelevant to consider that the original petition was filed by Attorney Briggs on behalf of the present appellant, Anne E. Briggs, seeking an interpretation of the testamentary provisions, and that the parties, although having adverse interests, were not represented by independent counsel. Certainly the presentation, by appeal or otherwise, of appellant's proposed interpretation of the will, in such a situation, is entirely justified.

As said in *Estate of Kline*, 138 Cal.App. 514, 523 [32 P.2d 677], "If the action of the legatee is merely one to determine the true construction of the will, or any part of its parts, the action cannot be held to breach the ordinary forfeiture clause, if the object of the action is not to make void the will or any of its parts, but to ascertain its true meaning."

Likewise, although the appellant's briefs could have presented the appeal in closer compliance with the rules and usages appertaining thereto, the contentions have been made reasonably clear, and no dismissal of the appeal is warranted.

The order is affirmed.

Fourt, J., concurred.